UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

ISAAC STENGEL,                    :

                    Plaintiff,    :     10 Civ. 8661 (CM)(HBP)

     -against-                    :     REPORT AND
                                        RECOMMENDATION
BRADFORD BLACK,                   :

                    Defendant.    :

----------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/15/12

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/20/12

          PITMAN, United States Magistrate Judge:

          TO THE HONORABLE COLLEEN McMAHON, United States Dis-

trict Judge,

I.   Introduction                    MEMO ENDORSED

          In a Decision and Order dated October 18, 2011 (Docket

Item 33), the Honorable Colleen McMahon, United States District

Judge, granted the defendant's unopposed motion for sanctions

pursuant to Fed.R.Civ.P. 11, finding that "Dr. Black is entitled

to receive his attorney's fees incurred as a result of needing to

defend the present lawsuit." Stengel v. Black, 10 Civ. 8661

(CM)(HBP), 2011 WL 4975767 at *2 (S.D.N.Y. Oct. 18, 2011).   In

that same Decision and Order, Judge McMahon referred the matter

to me conduct an inquest to determine the amount of fees to be

awarded to defendant.

Pursuant to that Order of Reference, I issued a Scheduling Order on November 16, 2011 directing defendant to serve and file proposed findings of fact and conclusions of law, along with evidentiary materials supporting his proposed findings of fact, by January 16, 2012 (Docket Item 35 at ¶ 1).  My November 16, 2011 Scheduling Order further directed plaintiff to submit responsive materials by February 16, 2012.  Specifically, my Order provided:

> Plaintiff shall submit his response to defendant's submission, if any, no later than February 16, 2012. IF PLAINTIFF (1) FAILS TO RESPOND TO DEFENDANT'S SUBMISSIONS, OR (2) FAILS TO CONTACT MY CHAMBERS BY FEBRUARY 16, 2012 AND REQUEST AN IN-COURT HEARING, IT IS MY INTENTION TO ISSUE A REPORT AND RECOMMENDATION CONCERNING DAMAGES ON THE BASIS OF DEFENDANT'S WRITTEN SUBMISSIONS ALONE WITHOUT AN IN-COURT HEARING.  See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997); Fustok v. ContiCommodity Services Inc., 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.").

(Docket Item 35 at ¶ 2) (emphasis in original).

On or about January 16, 2012, defendant submitted his proposed findings of fact and conclusions of law, supported by declarations from defendant and his attorneys, along with several exhibits (Docket Item 37).  In response, plaintiff served and filed a document entitled "Answer/Response to Pleading Seeking Fees Pursuant to Rule 11, by Attorneys for Defendant Black

2

Pursuant to the Directives of the Court and Counterclaim Seeking

Sanctions" (Docket Item 39).   While defendant's submission

properly addressed the amount of the fees to be awarded to

defendant, plaintiff's submission attempted to reargue the

propriety of Judge McMahon's decision awarding sanctions.

Plaintiff's submission raised no issue with the amount of fees

sought by defendant.   Neither party requested a hearing on the

issue of damages.

          Accordingly, on the basis of the parties' submissions

in response to my November 16, 2011 Scheduling Order and the

record in this matter, I respectfully recommend that your Honor

make the following findings of fact and conclusions of law.

II.   Findings of Fact

     A.   Background

          1.   The facts giving rise to this action and the

imposition of sanctions are set forth in detail in Judge

McMahon's February 24, 2011 Decision and Order Granting Defen-

dant's Motion to Dismiss (Docket Item 22) ("Dismissal Order"),

familiarity with which is assumed.   In brief, plaintiff alleges

that in 2001 he sold a 5.1 carat diamond to a third party --

Rosental -- who subsequently resold the diamond to defendant.

Rosental paid for the diamond by check, and his check was dishon-
ored for insufficient funds.  Although Rosental is clearly
plaintiff's debtor, plaintiff has been pursuing defendant for
either the diamond or its value since 2003.  The record does not
disclose why plaintiff has directed his collection efforts at
defendant instead of Rosental.

       2.  This is the fifth action that plaintiff has com-
menced against defendant to recover the diamond or its value.  As
set forth in the Dismissal Order, plaintiff commenced the follow-
ing actions and suffered the following dispositions:

| | |
|---|---|
| Stengel v. Black<br>(S.D.N.Y. 2003) | Dismissed for lack of personal<br>jurisdiction. |
| Stengel v. Black<br>(S.D.N.Y. 2003)<br>(amended complaint) | Dismissed for lack of subject<br>matter jurisdiction. |
| Stengel v. Black<br>(N.Y. State Court 2004) | Dismissed for lack of personal<br>jurisdiction. |
| Stengel v. Black<br>(Ohio State Court 2005) | Summary judgment for defendant. |
| Stengel v. Black<br>(S.D.N.Y. 2008) | Dismissed for lack of subject<br>matter and personal jurisdiction;<br>claims found to be untimely and<br>barred by res judicata. |
| Stengel v. Black<br>(S.D.N.Y. 2010) | Present action. |

       3.  On February 24, 2011, Judge McMahon granted defen-
dant's motion to dismiss this action for lack of subject matter

jurisdiction and lack of personal jurisdiction.  Judge McMahon also found that the action is barred by the statute of limitations and the doctrine of res judicata.  Finally, Judge McMahon enjoined plaintiff from filing any further lawsuits in this Court concerning the 5.1 carat diamond without first obtaining leave of court.

    B.   Defendant's Legal Fees

        4.   When plaintiff commenced the present action, defendant engaged Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A. ("KWGD"), an Ohio-based law firm, to provide the majority of the legal services.  KWGD billed at Ohio rates which are generally lower than the rates charged by attorneys in New York City (Declaration of Dr. Bradford Black, dated Jan. 12, 2012, submitted as an attachment to Docket Item 37 ("Black Decl."), ¶ 4).

        5.   Defendant also retained the New York firm of Jacobs and Burleigh LLP ("JB") as local counsel (Black Decl. ¶ 5).

        6.   Defendant has a submitted what appears to be a computer printout of contemporaneously-recorded time records of KWGD (Exhibit A to the Declaration of David E. Butz, Esq., dated Jan. 16, 2012, submitted as an attachment to Docket Item 37 ("Butz Decl."))

7.   The printout of time charges shows that in 2010 and 2011 David E. Butz, Esq. spent a total of 39.85 hours working on this matter at rates ranging from $225 to $230 per hour.[1]  Mr. Butz specializes in litigation and has practiced law for 24 years (Butz Decl. ¶ 2 & Exs. A and B thereto).

8.   The printout of KWGD time charges also shows that a KWGD associate sent a total of 166.76 hours[2] working on this matter at rates ranging from $155 to $160 per hour.[3]  Defendant has not provided any information about the experience of the associate working on the matter (Butz Decl. ¶ 2 & Exs. A and B thereto).

9.   Finally, the printout of KWGD time charges shows that paralegals at KWGD spent a total of 15.88 hours working on

---

[1]Mr. Butz has charged for 27.17 hours at $225/hour ($6,113.25) and 12.68 hours at $230/hour ($2,916.40).

[2]KWGD's billing records reflect that on June 4, 2011, "KLP," a KWGD associate who was billed at $155/hour at the time, charged $775 for 5 hours of legal work (Butz Decl. Ex. A at 4).  However, the time entry for June 4, 2011 reflects that KLP's hourly rate was $115.  Based on the other entries for KLP which bill for his time at $155/hour, I find that the rate listed for the June 4, 2011 entry was an inadvertent error and that the correct rate for KLP was $155/hour.

[3]KWGD has charged for 140.51 hours of associate time at $155/hour ($21,779.05) and 26.5 hours of associate time at $160/hour ($4,200.00).

this matter at rates ranging from $95 to $115 per hour.[4]  Defendant has also failed to provided any information about the experience of the paralegals working on the matter (Butz Decl. ¶ 2 & Exs. A and B thereto).

10.  Defendant seeks a total of $36,783.30 for professional services rendered by KWGD.[5]

11.  KWGD also incurred $385.35 in out-of-pocket expenses for items such as postage, telephone, copying, overnight courier, pro hac vice admission fees and computer assisted research (Ex. C. to Butz Decl.).

12.  Defendant has also submitted what appears to be a computer printout of contemporaneously-recorded time records of JB (Exs. A & B to the Declaration of Zeynel Karcioglu, Esq.,

---

[4]KWGD has charged for 2.58 hours of paralegal time at $95/hour ($245.10) and 13.3 hours of paralegal time at $115/hour ($1,529.50).

[5]The totals set forth in the time records submitted by KWGD in connection with its work in the District Court are inaccurate. Specifically, the totals reflected in the time records are slightly less than one-half of the actual total of the individual time charges.  The numbers set forth herein reflect the actual totals of the individual time charges.

In addition, the time records submitted by KWGD in connection with its work in the District Court reflect 4.28 hours of work performed by an attorney designated as "JBC" and billed at $225 per hour.  Because the Butz Decl. states that the attorneys who worked on the matter were Butz himself and associates who were billed at $155 and $160 per hour (Butz Decl. ¶ 2), I have omitted the "JBC" time from my calculations.

dated Jan. 15, 2012, submitted as an attachment to Docket Item 37 ("Karcioglu Decl.")).

13.   The printout of time charges shows that in 2010 and 2011, Zynel Karcioglu, Esq. spent a total of 27.9 hours working on this matter at a rate of $300 per hour.  Mr. Karcioglu specializes in commercial litigation and has practiced law for 10 years (Karcioglu Decl. ¶ 2 & Exs. A and B thereto).

14.   Defendant seeks a total of $8,370 for professional services rendered by JB.

15.   JB also incurred $182.96 in out-of-pocket expenses for items such as postage, telephone, copying, overnight mail, and messenger charges (Ex. C. to Karcioglu Decl.).

16.   In the aggregate, defendant seeks to recover for 250.39 hours of attorney and paralegal time at a total cost $45,153.30.

III.  Conclusions of Law

17.   In calculating attorneys' fee awards, "[b]oth [the Second Circuit] and the Supreme Court have held that the lodestar -- the product of a reasonable hourly rate and the reasonable number of hours required by the case -- creates a 'presumptively reasonable fee.'"  Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011), citing Perdue v. Kenny A. ex rel. Winn, 556

8

U.S. 1165, ----, 130 S.Ct. 1662, 1673 (2010) and Arbor Hill
Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522
F.3d 182, 183 (2d Cir. 2008).

      18.  The hourly rates used in determining a fee award
should be "what a reasonable, paying client would be willing to
pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty.
of Albany, supra, 522 F.3d at 184. This rate should be "in line
with those [rates] prevailing in the community for similar
services by lawyers of reasonably comparable skill, experience
and reputation." Blum v. Stenson, 465 U.S. 886, 895-96 n.11
(1984); accord Reiter v. MTA New York City Transit Auth., 457
F.3d 224, 232 (2d Cir. 2006). In determining a reasonable hourly
rate, the court should not only consider the rates approved in
other cases in the District, but should also consider any evi-
dence offered by the parties. Farbotko v. Clinton Cnty., 433
F.3d 204, 208-09 (2d Cir. 2005). The court is also free to rely
on its own familiarity with prevailing rates in the district.
A.R. ex rel. R.V. v. New York City Dep't of Educ., 407 F.3d 65,
82 (2d Cir. 2005); Miele v. New York State Teamsters Conf.
Pension & Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987).

      19.  "The Second Circuit has [also] held that in
determining the reasonable hourly rate, district courts should []
assess case-specific considerations, including the factors

articulated by the Fifth Circuit in Johnson v. Ga. Highway

Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on

other grounds by Blanchard v. Bergeron, 489 U.S. 87, 92-93 . . .

(1989)."[6] See Dunn v. Advanced Credit Recovery, Inc., 11 Civ.

4023 (PAE)(JLC), 2012 WL 676350 at *5 (S.D.N.Y. Mar. 1, 2012)

(Cott, M.J.) (Report & Recommendation), adopted, 2012 WL 1114335

(S.D.N.Y. Apr. 3, 2012) (Engelmayer, D.J.).  However, because of

"the 'presumptive reasonability' of the lodestar method . . .

'absent extraordinary circumstances, failing to calculate it as a

starting point is legal error.'"  T.K. ex rel. L.K. v. New York

City Dep't of Educ., 11 Civ. 3964 (JPO), 2012 WL 1107660 at *5

n.4 (S.D.N.Y. Mar. 30, 2012) (Oetken, D.J.), quoting Millea v.

Metro-North R.R. Co., supra, 658 F.3d at 166.

        20.  Thus, I shall first use the lodestar method to

calculate the attorneys' fees to be awarded in this case, and

then, if necessary, I shall adjust that award should any case-

---

[6]The factors set forth in Johnson v. Ga. Highway Express,
Inc. include:  (1) the time and labor required; (2) the novelty
and difficulty of the questions; (3) the skill requisite to
perform the legal service properly; (4) the preclusion of other
employment by the attorney due to acceptance of the case; (5) the
attorney's customary fee; (6) whether the attorney's fee is fixed
or contingent; (7) the time limitations imposed by the client or
the circumstances; (8) the amount involved in the case and the
results obtained; (9) the experience, reputation and ability of
the attorneys; (10) the "undesirability" of the case; (11) the
nature and length of the professional relationship with the
client and (12) awards in similar cases.

specific considerations require such a result.  See Dunn v. Advanced Credit Recovery, Inc., supra, 2012 WL 676350 at *5 n.8; Ceglia v. Zuckerberg, No. 10-CV-005689A(F), 2012 WL 503810 at *4 n.6 (W.D.N.Y. Feb. 14, 2012).

21.  In all cases, "the fee applicant has the burden of showing by 'satisfactory evidence -- in addition to the attorney's own affidavits' -- that the requested hourly rates are the prevailing market rates."  Farbotko v. Clinton Cnty., supra, 433 F.3d at 209, quoting Blum v. Stenson, supra, 465 U.S. at 895-96 n.11.  In determining reasonable hourly rates, a court should first examine the attorneys' experience.  Kahlil v. Original Old Homestead Rest., Inc., 657 F. Supp. 2d 470, 475 (S.D.N.Y. 2009) (Holwell, D.J.), citing Marisol A. ex rel. Forbes v. Giuliani, 111 F. Supp. 2d 381, 386 (S.D.N.Y. 2000) (Ward, D.J.).

22.  The hourly rates sought by KWGD, which range from $155 for associates to $230 per hour for Mr. Butz are clearly reasonable for the Northern District of Ohio.  Van Horn v. Nationwide Prop. & Cas. Ins. Co., 1:08-CV-605, 2010 WL 1751995 at *3-*4 (N.D. Ohio Apr. 30, 2010), aff'd, 436 F. App'x 496, 499 (6th Cir. 2011) (approving hourly rates of $250 to $450 per hour for attorneys in northeast Ohio); Corporate Commc'ns Servs. LLC v. MCI, 3:08-CV-046, 2012 WL 2006642 at *6 (S.D. Ohio June 5, 2012) (approving hourly rate of $406.70); Jablonski v. Portfolio

Recovery Assocs., 3:11CV02291, 2012 WL 1552462 at *3 (N.D. Ohio
Apr. 30, 2012) (approving hourly rates of $175 - $300); see
Gonter v. Hunt Valve Co., 510 F.3d 610, 618 n.6 (6th Cir. 2007)
(noting that as of 2004, the median hourly rate for partners in
Ohio law firms with eight or more partners was $240).[7]

        23.   The hourly rate sought by Mr. Karcioglu of $300 is
also reasonable for an attorney with ten years experience prac-
ticing in Manhattan.  Smith v. Nagai, 10 Civ. 8237 (PAE)(JCF),
2012 WL 2421740 at *6 (S.D.N.Y. May 15, 2012) (Francis, M.J.)
(Report & Recommendation) (approving hourly rates of $310 to $550
for attorneys with 8 to 15 years experience, respectively);
Rosado v. City of New York, 11 Civ. 4285 (SAS),
2012 WL 955510 at *5 (S.D.N.Y. Mar. 15, 2012) (Scheindlin, D.J.
(approving hourly rate of $350 for attorney with nine years
experience); Finch v. New York State Office of Family & Children

--------

        [7]Pursuant to the locality rule established in Arbor Hill
Concerned Citizens Neighborhood Ass'n v. County of Albany, supra,
522 F.3d at 192-93, there is authority for the proposition that
an out-of-District attorney seeking fees for services rendered in
connection with an action litigated in this District is entitled
to recover at the rates prevailing within this District.  K.F. v.
New York City Dep't of Educ., 10 Civ. 5465 (PKC), 2011 WL 3586142
at *2 (S.D.N.Y. Aug. 10, 2011) (Castel, D.J.) (awarding Southern
District of New York rate to an attorney from the Eastern
District of New York for work in action in the Southern District
of New York).  KWGD, however, seeks only to recover at the rates
applicable in the Northern District of Ohio, and I need not
consider, therefore, whether it is entitled to recover fees based
on higher rates.

Servs., 04 Civ. 1668 (SAS), 2012 WL 695419 at *4-*5 (S.D.N.Y.
Mar. 5, 2012) (Scheindlin, D.J.) (approving hourly rate of $450
for attorney with 42 years experience); Wong v. Hunda Glass
Corp., 09 Civ. 4402 (RLE), 2010 WL 3452417 at *3 (S.D.N.Y. Sept.
1, 2010) (Ellis, M.J.) (awarding $350 per hour to attorneys with
twelve years of legal experience).

24.   Finally, the hourly rates sought for paralegals of
$95 to $115 are also reasonable for the Ohio market.  Van Horn v.
Nationwide Prop. & Cas. Ins. Co., supra, 2010 WL 1751995 at *4
(approving hourly rates of $110 to $150 for paralegals).

25.   The Honorable Loretta A. Preska, United States
District Judge, has summarized the factors to be considered in
assessing the reasonableness of the hours claimed in a fee
application:

> To assess the reasonableness of the time expended
> by an attorney, the court must look first to the time
> and work as they are documented by the attorney's
> records.  See Forschner Group, Inc. v. Arrow Trading
> Co., Inc., No. 92 Civ. 6953 (LAP), 1998 WL 879710, at
> *2 (S.D.N.Y. Dec. 15, 1998).  Next the court looks to
> "its own familiarity with the case and its experience
> generally . . . .  Because attorneys' fees are depend-
> ent on the unique facts of each case, the resolution of
> the issue is committed to the discretion of the dis-
> trict court."  AFP Imaging Corp. v. Phillips Medizin
> Sys., No. 92 Civ. 6211 (LMM), 1994 WL 698322, at *1
> (S.D.N.Y. Dec. 13, 1994) (quoting Clarke v. Frank, 960
> F.2d 1146, 1153 (2d Cir. 1992) (quoting DiFilippo v.
> Morizio, 759 F.2d 231, 236 (2d Cir. 1985))).

*    *    *

13

>          Finally, billing judgment must be factored into
>     the equation.  Hensley, 461 U.S. at 434; DiFilippo, 759
>     F.2d at 235-36.  If a court finds that the fee appli-
>     cant's claim is excessive, or that time spent was
>     wasteful or duplicative, it may decrease or disallow
>     certain hours or, where the application for fees is
>     voluminous, order an across-the-board percentage reduc-
>     tion in compensable hours.  In re "Agent Orange" Prod-
>     ucts Liab. Litig., 818 F.2d 226, 237 (2d Cir. 1987)
>     (stating that "in cases in which substantial numbers of
>     voluminous fee petitions are filed, the district court
>     has the authority to make across-the-board percentage
>     cuts in hours 'as a practical means of trimming fat
>     from a fee application'" (quoting Carey, 711 F.2d at
>     1146)); see also United States Football League v.
>     National Football League, 887 F.2d 408, 415 (2d Cir.
>     1989) (approving a percentage reduction of total fee
>     award to account for vagueness in documentation of
>     certain time entries).

Santa Fe Natural Tobacco Co. v. Spitzer, 00 Civ. 7274 (LAP), 00

Civ. 7750 (LAP), 2002 WL 498631 at *3 (S.D.N.Y. Mar. 29, 2002)

(Preska, D.J.); accord Hensley v. Eckerhart, 461 U.S. 424, 434

(1983); see also Gierlinger v. Gleason, 160 F.3d 858, 876 (2d

Cir. 1998); Orchano v. Advanced Recovery, Inc., 107 F.3d 94, 98

(2d Cir. 1997); Finch v. New York State Office of Children &

Family Servs., supra, 2012 WL 695419 at *3 & n.29; Sulkowska v.

City of New York, 170 F. Supp. 2d 359, 365 (S.D.N.Y. 2001)

(Schwartz, D.J.).

          26.  The party seeking fees bears the burden of estab-

lishing that the number of hours for which compensation is sought

is reasonable.  See Cruz v. Local Union No. 3 of the Int'l Bhd.

of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994), citing

14

Hensley v. Eckerhart, supra, 461 U.S. at 437; Patrolmen's Benevolent Ass'n v. City of New York, 97 Civ. 7895 (SAS), 98 Civ. 8202 (SAS), 2003 WL 21782675 at *2 (S.D.N.Y. July 31, 2003) (Scheindlin, D.J.), citing Blum v. Stenson, supra, 465 U.S. at 897.

27.    Having carefully reviewed the time records submitted by defendant, I find that a the number of hours for which compensation is sought is excessive in several respects.

28.    First, defendant has included in his time charges the time his counsel spent preparing defendant's brief on appeal, apparently on the theory that the appeal was frivolous. Judge McMahon awarded fees pursuant to Fed.R.Civ.P. 11 which does not support an award of fees for filing a frivolous appeal. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405-06 (1990). Although I am aware that the Court of Appeals has recently affirmed Judge McMahon's decisions in this matter and remanded the case to the District Court for consideration of whether further sanctions are appropriate pursuant to Fed.R.App.P. 38, there has not yet been any adjudication that plaintiff's appeal was frivolous and that issue has not been referred to me. Moreover, I do not have the parties' appellate briefs nor has defendant submitted anything that demonstrates that plaintiff's appeal was frivolous. Thus, even if the matter were referred to me, I do not currently have

15

any basis to determine whether plaintiff's appeal was frivolous. Accordingly, the time charges allocable to responding to plaintiff's appeal should be deducted.

29.   The KWGD time charges allocable to plaintiff's appeal total $15,122.35 (Butz Decl. ¶ 5 & Ex. B thereto).   The JB time charges allocable to plaintiff's appeal total $4,650.00 (Karcioglu Decl. ¶ 5 & Ex. B thereto).

30.   Second, some of KWGD's time charges are vague. For example, time charges for December 16, 2010 and December 17 read:

> Continued work on pleadings; Reviewed case management order; Reviewed engagement agreement.
>
> Reviewed additional pleadings.

(Butz Decl. Ex. A).   Given that defendant moved to dismiss the complaint and did not file an answer, the meaning of these entries is unclear.   I conclude that a further 10% reduction should be made from the fees sought to account for vague entries and the inefficiencies that inevitably result from having multiple attorneys work on a case.   See Kirsch v. Fleet St., Ltd., 148 F.3d 149, 172-73 (2d Cir. 1998) (affirming 20% reduction in billed time for vagueness and other deficiencies where many time entries merely read "letter to court," "staff conference" and "work on motion"); Tucker v. Mukasey, 03 Civ. 3106 (LTS)(FM),

16

2008 WL 2544504 at *1 (S.D.N.Y. June 20, 2008) (Swain, D.J.)
(applying percentage reduction in hours billed on basis of
vagueness because entries "fail[ed] to describe adequately the
nature of the calls, the contents of the reports or documents, or
the topics of discussions"); <u>Sabatini v. Corning-Painted Post
Area Sch. Dist.</u>, 190 F. Supp. 2d 509, 522 (W.D.N.Y. 2001) (find-
ing descriptions such as "hearing preparation," "telephone
conference with client" and "review records" too vague).

      31.  In all other respects, defendant's counsels' time
charges and costs appear reasonable and adequately described.

      32.  Applying the foregoing adjustments to the fees
sought by defendant yields the following result:

```
Total time
charges sought:

          KWGD:  36,783.30
          JB:     8,370.00
                 45,153.30
                                                    45,153.30

Charges for
appellate work:

          KWGD:  (15,122.35)
          JB:     (4,650.00)
                 (19,772.35)                        (19,772.35)

Subtotal:                                            25,380.95

10% adjustment for
vague entries and
inefficiencies                                      ( 2,538.10)
```

```
Subtotal:                                        22,842.86

Out-of-pocket
costs:

        KWGD:      385.35
        JB         182.96
                   568.31                           568.31
```

**TOTAL**                                        **23,411.17**

      33.   Neither side offers any arguments why this figure should be adjusted upward or downward.

IV.   Conclusion

      Accordingly, for all the forgoing reasons, I respect-fully recommend that defendant be awarded a total of $23,411.17 in attorney's fees and costs.

V.   **OBJECTIONS**

      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections.   See also Fed.R.Civ.P. 6(a).   Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Colleen McMahon, United States District Judge, 500 Pearl Street, Room 1350, and to the Chambers of the undersigned, 500 Pearl

Street, Room 750, New York, New York 10007.  Any requests for an
extension of time for filing objections must be directed to Judge
McMahon.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT
IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW.
Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male
Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension
Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v.
Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair
Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714
F.2d 234, 237-38 (2d Cir. 1983).

Dated:   New York, New York
         August 15, 2012

                              Respectfully submitted,


                              HENRY PITMAN
                              United States Magistrate Judge


Copies transmitted to:

Mr. Isaac Stengel
11 West 47th Street
New York, New York  10036

Zeynel Karcioglu, Esq.
Jacobs & Burleigh LLP
17th Floor
445 Park Avenue
New York, New York  10022

19

David E. Butz, Esq.
Krugliak, Wilkins, Griffiths
    & Dougherty Co., L.P.A.
P.O. Box 36963
4775 Munson Street, N.W.
Canton, Ohio  44718-3612